**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CRANDALL WALLACE, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>J.M. ROMICH ENTERPRISES, INC., d/b/a EVERDRY WATERPROOFING OF UPSTATE NEW YORK and all other entities affiliated with, controlling, or controlled by J.M. ROMICH ENTERPRISES, INC.,<br><br>        Defendants. | **CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>Civ. Action No. _____ |

## PRELIMINARY STATEMENT

1. This lawsuit seeks to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") as well as unpaid minimum wages, overtime compensation, and spread-of-hours compensation under the New York Labor Law ("NYLL"), for plaintiff and all similarly situated persons who are presently or were formerly employed by J.M. Romich Enterprises, Inc., d/b/a Everdry Waterproofing of Upstate New York, and all other entities affiliated with, controlling, or controlled by J.M. Romich Enterprises, Inc.

2. Defendants violated the FLSA and NYLL by: (a) requiring plaintiff and those similarly situated to him to work over forty hours in a workweek and over ten hours in a workday during their employment, without paying them proper minimum wages, overtime compensation and spread-of-hours compensation; and (b) failing to comply with wage notice and wage statement requirements under the NYLL.

## I. JURISDICTION AND VENUE

3. This court has jurisdiction over this case pursuant to, 29 U.S.C. § 216(b) of the FLSA, 28 U.S.C. § 1331, this action arising under laws of the United States, and 28 U.S.C. § 1337, this action arising under the Acts of Congress regulating commerce.

4. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, because those claims arise out of the same common nucleus of operative fact as the federal claim, as to form part of the same controversy under Article III of the United States Constitution.

5. Venue is proper in the Western District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district and because the defendants conduct business in and maintain operations in this district.

## II. PARTIES

**A.  Plaintiff Crandall Wallace ("Plaintiff")**

6. Plaintiff is an adult resident of Monroe County, New York.

7. Plaintiff was an "employee" of the defendants as defined in the FLSA, 29 U.S.C. § 203(e), and the NYLL § 190(2).

8. Plaintiff has expressed his consent to make these claims against the defendants by filing a consent form, as required by 29 U.S.C. § 216(b). See Exhibit A.

**B.  Defendants**

9. Defendants J.M. Romich Enterprises, Inc., d/b/a Everdry Waterproofing of Upstate New York provides waterproofing services for residential properties in Buffalo, Rochester and Syracuse, New York.

10. Defendants' principal place of business is located at 12 Pixley Industrial Parkway, Rochester, New York 14624.

11. Defendants' are "employers" as defined by 29 U.S.C. § 203(d) and NYLL § 190(3).

12. The activities of defendants constitute an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r) & (s).

13. Defendants employ employees, including plaintiff, who regularly engage in commerce or in the handling, selling, or otherwise working on goods or materials which have moved in or been produced for commerce within the meaning of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

14. Defendants maintain control, oversight, and direction over its operations and employment practices.

15. Defendants maintain control, oversight, and direction over plaintiff and similarly situated employees, including but not limited to, timekeeping, payroll and other employment practices that applied to them.

16. Defendants apply the same employment policies, practices, and procedures to all field technicians throughout Upstate New York, including polices, practices, and procedures with respect to payment of wages and distribution of wage notices and wage statements.

17. Defendants' annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

### III. FLSA COLLECTIVE ACTION CLAIM

18. Plaintiff brings the first cause of action, pursuant to the FLSA 29 U.S.C. §216(b), on behalf of himself and all other similarly situated employees who work or have worked for

defendants as field technicians within the last three years and who elect to opt-in to this action ("FLSA Collective").

19. Plaintiff represents other field technicians, and is acting on behalf of defendants' current and former field technicians' interests as well as his own interests in bringing this action.

20. Defendants unlawfully required plaintiff and all individuals employed as field technicians to work in excess of 40 hours per week without paying them overtime compensation at a rate of at least 1.5 times their regularly hourly wage.

21. Defendants were aware or should have been aware that the law required them to pay non-exempt employees, including plaintiff and the FLSA Collective, an overtime premium of 1.5 times their regular rate of pay for all work hours.

22. Defendants applied the same unlawful policies and practices to its field technicians throughout New York State.

23. The FLSA Collective is readily identifiable and locatable through the use of the defendants' records.

24. The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

## IV. FEDERAL RULE OF CIVIL PROCEDURE RULE 23 NEW YORK CLASS ALLEGATIONS

25. Plaintiff brings the second, third, fourth and fifth causes of action on his own behalf and as a class action, pursuant to Fed. R. Civ. P. 23(a) and (b), on behalf of all field technicians who are currently, or have been employed by the defendants, in the State of New

York at any time during the six years prior to the filing of this complaint to the entry of the judgment in the case ("Rule 23 Class Members").

26. The Rule 23 Class Members are readily ascertainable. The number and identity of the Rule 23 Class Members, the hours assigned and worked, the positions held, and the rates of pay for each Rule 23 Class Member are determinable from defendants' records. For purposes of notice, the Rule 23 Class Members' names and addresses are readily available from defendants.

27. The Rule 23 New York Class members are so numerous that joinder of all members is impracticable and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of class members is unknown, the facts on which the calculation of that number can be based are presently within the sole control of the defendants. Upon information and belief, there are more than fifty Rule 23 Class Members.

28. Plaintiff's claims are typical of the claims of the Rule 23 Class Members. The relief Plaintiff seeks is typical of the relief that the Rule 23 Class Members could seek. Plaintiff and the Rule 23 Class Members were subject to the same corporate practices of defendants, of willfully failing to pay minimum wages, agreed upon wages for all hours worked, overtime compensation, spread-of-hours compensation and failing to provide complete and accurate wage notices and wage statements. Defendants' policies, programs, procedures, protocols, plans and practices affected all Rule 23 Class Members and defendants benefitted from the same type of unfair and wrongful acts as to each Rule 23 Class Member. Plaintiff and the Rule 23 Class Members sustained similar losses and damages arising from the same unlawful policies, practices, and procedures.

29. Plaintiff will fairly and adequately protect the interest of the Rule 23 Class Members; has no interests antagonistic to the Rule 23 Class Members; and will be represented by attorneys at the Empire Justice Center who are competent, skilled and experienced in litigating class actions and state and federal wage and hour claims.

30. Common questions of law and fact exist as to the Rule 23 Class Members that predominate over any questions affecting only individual members, including but not limited to:

    a. whether defendants failed to keep accurate time records for all hours worked by the plaintiff and the Rule 23 Class Members;

    b. what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

    c. whether defendants failed to pay proper minimum wages to the plaintiff and the Rule 23 Class Members for all hours worked;

    d. whether defendants failed to pay proper overtime compensation to the plaintiff and the Rule 23 Class Members for all work-hours in excess of forty hours per workweek;

    e. whether defendants failed to pay proper spread-of-hours compensation to the plaintiff and the Rule 23 Class Members for work days longer than ten hours;

    f. whether defendants failed to furnish the plaintiff and the Rule 23 Class Members with an accurate statement of wages, hours worked, and rates paid;

    g. whether defendants failed to furnish the plaintiff and the Rule 23 Class Members with a hire notice;

    h. whether defendants acted willfully or with reckless disregard in its failure to pay the plaintiff and the Rule 23 Class Members;

    i. the nature and extent of class-wide injuries and the measure of damages for the injuries for the plaintiff and the Rule 23 Class Members;

    j. whether defendants are liable for plaintiff's and the Rule 23 Class Members' attorneys' fees and costs.

31. The nature of this action makes a class action a superior method for the fair and efficient adjudication of plaintiff's and the Rule 23 Class Members' claims for the following reasons:

    a.    this case involves a large corporate defendant with vast resources, and many individuals who have limited resources and relatively small claims with common questions of law and fact;

    b.    if each Rule 23 Class Member was required to file a separate lawsuit, defendant, with its vast resources, would be able to exploit and overwhelm the limited resources of the individuals;

    c.    Rule 23 Class members still employed by the defendants may be reluctant to raise individual claims because of an appreciable fear that defendants will retaliate against them;

    d.    prosecuting separate lawsuits by each Rule 23 Class Member will create a substantial risk of inconsistent or varying verdicts; will establish potentially incompatible standards of conduct for the defendants; will result in legal determinations as to each individual that are dispositive of the interest of the other Rule 23 Class Members who are not parties to the adjudications; and will impair or impede the ability of the Rule 23 Class Members to protect their own interests;

    e.    the individual claims are not large enough to warrant the costs and expenses that will be incurred in individual prosecution, making it difficult, if not impossible, for the individuals to redress the wrongs done to them; and

    f.    the cost to the legal system for individual adjudication will be substantial.

## V. CLASS-WIDE FACTUAL ALLEGATIONS

32. Plaintiff, members of the FLSA Collective, and the Rule 23 Class Members (collectively, "Class Members") were subject to the defendants' common policies and plans that violated their rights under the FLSA and the NYLL.

33. Defendants required field technicians to work in excess of forty hours per workweek.

34. Defendants maintained a state-wide policy and practice of paying its field technicians less than 1.5 times their regular hourly wage whenever they work more than forty hours in a given workweek.

35. Defendants did not pay plaintiff and the Class Members overtime compensation at a rate of 1.5 times their regular hourly wage for all overtime hours worked in violation of the FLSA and NYLL.

36. Defendants did not pay plaintiff and the Class Members at least the basic minimum hourly rate for each hour worked during their employment in violation of the NYLL.

37. Defendants required plaintiff and Class Members to work in excess of ten hours per workday during their employment.

38. Defendants did not pay plaintiff and the Class Members spread-of-hours compensation, at an additional hour of pay at the basic minimum hourly rate, on each day in which their spread-of-hours worked exceeded ten hours.

39. Defendants did not furnish plaintiff and the Class Members with accurate statements of wages, hours worked, and rates paid as required by NYLL.

40. Defendants did not furnish plaintiff and the Class Members with a hire notice as required by NYLL.

## VI. INDIVIDUAL FACTUAL ALLEGATIONS

41. Plaintiff was formerly employed by defendants as a field technician from approximately March 2016 through June 2016.

42. Plaintiff was an employee of the defendants, working under its direct supervision.

43. Plaintiff was paid a daily rate of $78 per day regardless of the number of hours worked per workday.

44. Plaintiff typically worked five days per week.

45. Plaintiff typically worked anywhere between 12 to 14 hours per work day.

46. Plaintiff typically worked anywhere between 60 and 70 hours per workweek.

47. In addition to his daily rate of pay, plaintiff was paid supplemental payments of varying amounts during each workweek, but the total amount of gross wages paid for each workweek did not compensate him for minimum wages, overtime pay, and spread-of-hours pay.

48. Plaintiff was required to be paid overtime wages at the statutory rate of 1.5 times his regular rate pay or the applicable minimum wage rate after he had worked 40 hours in a workweek.

49. Defendant did not compensate plaintiff for all of the time worked in excess of forty hours per workweek at a rate of at least 1.5 times his regularly hourly rate, throughout his employment with the defendants.

50. Plaintiff was required to be paid at least the minimum wage rate of $9.00 per hour for all hours worked during his employment.

51. Defendants did not compensate plaintiff at the minimum wage rate of $9.00 per hour for every hour worked during his employment.

52. Plaintiff was required to be paid spread-of-hours pay at the rate of one additional hour of pay at the basic minimum hourly rate of $9.00 per hour, on each day in which his spread-of-hours worked exceeded ten hours.

53. Defendants did not compensate plaintiff with spread-of-hours compensation for each day in which his spread-of-hours worked exceeded ten hours.

54. Defendants did not provide plaintiff with a New York State employment notice, containing information outlined in NYLL § 195(1), including information such as the rate of pay and any deductions and allowances.

55. Defendants did not provide plaintiff with required New York State wage statements, containing information required by NYLL § 195(3), including information such as accurate dates of work, rates of pay for hours worked, and number of hours worked during his employment with the defendants.

**FIRST CAUSE OF ACTION**
**FLSA – Unpaid Overtime Wages**
**(Brought on behalf of plaintiff and the FLSA Collective)**

56. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

57. Defendants are "employers" within the meaning of the FLSA and subject to its overtime requirement because, pursuant to 29 U.S.C. §203(s), it is an enterprise that has employees engaged in commerce and has annual gross volume of sales made or business done of not less than $500,000.

58. Plaintiff and the FLSA Collective are "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e).

59. Defendants required plaintiff and the FLSA Collective to work workweeks longer than forty hours without paying them overtime compensation.

60. Defendants willfully and intentionally violated the FLSA's overtime requirement.

61. As a result of defendants' unlawful acts, plaintiff and the FLSA Collective have been deprived of overtime compensation and other wages in an amount to be determined at trial, and they are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
### NYLL – Unpaid Overtime Wages
### (Brought on behalf of the plaintiff and the Rule 23 Class Members)

62. Pursuant to N.Y. Comp. Codes R. & Regs., tit. 12 § 142-2.2, "An employer shall pay an employee for overtime at a wage rate of 1 and ½ times the employee's regular rate" for hours worked in excess of 40 hours in one workweek.

63. Defendants are "employers," pursuant to New York Labor Law Article 19 § 651(6) and the supporting New York State Department of Labor.

64. Plaintiff and Rule 23 Class Members are "employees," pursuant to New York Labor Law Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

65. Defendants required plaintiff and the Rule 23 Class Members to work workweeks longer than forty hours without paying them overtime compensation.

66. Defendants willfully and intentionally failed to pay plaintiff and the Rule 23 Class Members overtime compensation when they worked in excess of 40 hours per workweek, in direct violation of NYLL Art. 19 §650, *et seq.*, and its supporting regulations.

67. As a result of defendants' unlawful acts, plaintiff and the Rule 23 Class Members have been deprived of overtime compensation in an amount to be determined at trial, and they are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to NYLL Art. 19 §650, *et seq*.

### THIRD CAUSE OF ACTION
### NYLL – Unpaid Minimum Wages
### (Brought on behalf of the plaintiff and the Rule 23 Class Members)

68. Pursuant to N.Y. Comp. Codes R. & Regs., tit. § 142-2.1, the basic minimum hourly wage rates shall be, $7.25 per hour on and after July 24, 2009; $8.00 per hour on and after December 31, 2013; $8.75 per hour on and after December 21, 2014; $9.00 per hour on and after December 31, 2015; and $9.70 per hour on or after December 31, 2016.

69. Defendants required plaintiff and the Rule 23 Class Members to work without paying them at the least the basic minimum hourly wage rates for all hours worked.

70. Defendants willfully and intentionally failed to pay plaintiff and the Rule 23 Class Members minimum wages, in direct violation of NYLL Art. 19 §650 *et seq*.

71. As a result of defendants' unlawful acts, plaintiff and the Rule 23 Class Members have been deprived of minimum wages in an amount to be determined at trial, and they are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to NYLL Art. 19 §650 *et seq.*

### FOURTH CAUSE OF ACTION
### NYLL – Unpaid Spread-of-Hours Compensation
### (Brought on behalf of the plaintiff and the Rule 23 Class Members)

72. Pursuant to N.Y. Comp. Codes R. & Regs., tit. 12 §142-2.4, "an employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required…for any day in which the spread of hours exceed 10 hours."

73. Defendants required plaintiff and the Rule 23 Class Members to work more than ten hours in a workday without paying them spread-of-hours compensation.

74. Defendants willfully and intentionally failed to pay plaintiff and the Rule 23 Class Members spread-of-hours compensation when they worked in excess of ten hours per day, in direct violation of NYLL Art. 19 §650, *et seq.*, and its supporting regulations.

75. As a result of defendants' unlawful acts, plaintiff and the Rule 23 Class Members have been deprived of spread-of-hours compensation in an amount to be determined at trial, and they are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to NYLL Art. 19 §650, *et seq.*.

## FIFTH CAUSE OF ACTION
### NYLL – Notice and Record-Keeping Requirement Violations
#### (Brought on behalf of the plaintiff and the Rule 23 Class Members)

76. Defendants failed to make, keep, and preserve accurate records with respect to plaintiff and the Rule 23 Class Members during their employment, including hours worked each workday and total hours worked each workweek, as required by NYLL Art. 19 §§ 650 *et seq.*, and supporting regulations.

77. Defendants failed to issue to plaintiff and the Rule 23 Class Members the legally mandated written pay notice at the time of hire, in violation of NYLL § 195(1).

78. Defendants failed to issue to plaintiffs legally mandated wage statements, during their employment, in violation of NYLL § 195(3).

79. As a result of defendants' violations of NYLL § 195(1) and (3), plaintiff and the Rule 23 Class Members are entitled to recover damages together with costs and reasonable attorneys' fees in accordance with NYLL§ 198.

80. Defendants' violations of NYLL were intentional and willful. Defendants knew or should have known that the practices described above were unlawful.

81. Defendants failed to make a good faith effort to comply with state notice and record-keeping laws.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. Certification of the first cause of action of this complaint as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. 216(b);

b. Designating plaintiff as the representative of this FLSA Collective;

c. An award of damages equal to the unpaid overtime compensation pursuant to the FLSA, plus liquidated damages in an amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

d. Certification of the second, third, fourth and fifth causes of action of this complaint as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

e. Designating plaintiff as the representative of the Rule 23 Class Members;

f. An award of damages to plaintiff and the plaintiff class from defendants equal to the unpaid minimum wages, unpaid overtime compensation, and unpaid spread-of-hours compensation, pursuant to the NYLL, plus liquidated damages in an amount equal to the amount of unpaid wages, interest, attorneys' fees and costs ;

g. Statutory damages, pursuant to NYLL §§ 195 and 198, awarded to plaintiff and the plaintiff class from defendants for defendants' violations of notice and record-keeping requirements;

h. Pre-judgement and post-judgment interest awarded to plaintiff and the plaintiff class from defendants for defendants' violations of federal and state labor law. ;

i. Appropriate equitable and injunctive relief to remedy defendants' state labor law violations, including but not limited to an order enjoining defendants from continuing its unlawful state law practices;

j. Issuance of a declaratory judgment that the practices complained of in this action are unlawful under the Fair Labor Standards Act, 29 USC Sec. 201 et seq. and NYLL § 190 *et seq.*;

k. A reasonable incentive award for plaintiff to compensate him for the time he spent attempting to recover wages for the class members and for the risks he took in doing so; and

l. Such other relief that this court shall deem just and proper.

Respectfully submitted,

/s/ Elizabeth Koo, Esq.
Peter O'Brian Dellinger, Esq.
Elizabeth Koo, Esq.

Empire Justice Center
1 West Main Street, Suite 200
Rochester, NY 14614
Phone: 585-295-5728
Fax: 585-454-2518

pdellinger@empirejustice.org
ekoo@empirejustice.org

Dated: Rochester, New York
June 28, 2017

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CRANDALL WALLACE, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

J.M. ROMICH ENTERPRISES, INC., d/b/a EVERDRY WATERPROOFING OF UPSTATE NEW YORK and all other entities affiliated with, controlling, or controlled by J.M. ROMICH ENTERPRISES, INC.,

    Defendants.

Civ. Action No. _____

**NOTICE OF CONSENT FOR FLSA**

### Notice of Consent of FLSA Action

I authorized Empire Justice Center, and any associated attorneys as well as any successors or assigns, to represent me in this action.

I agree and consent to be a party plaintiff in a lawsuit under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. to secure unpaid wages, liquidated damages, attorneys' fees, costs and/or other relief arising out of my employment with J.M. Romich Enterprises, Inc. d/b/a Everdry Waterproofing of Upstate New York and all other entities affiliated with, controlling, or controlled by J.M. Romich Enterprises, Inc.

Dated: Rochester, New York
       June 27, 2017

*Crandall Wallace*
CRANDALL WALLACE