_____

CRANDALL WALLACE, individually and on behalf of
all others similarly situated,

                                    Plaintiff,

-vs-

J.M. ROMICH ENTERPRISES, INC., d/b/a Everdry
Waterproofing of Upstate New York and all other
entities affiliated with, controlling, or controlled by
J.M. Romich Enterprises, Inc.,

                                      Defendant.

DECISION and ORDER

17-CV-6424 CJS

_____

## APPEARANCES

For Plaintiff:        Elizabeth L. Koo
                          Peter O. Dellinger
                          Empire Justice Center
                          One West Main Street, Suite 200
                          Rochester, New York 14614

For Defendant:     Katherine S. McClung
                          Bond Schoeneck & King PLLC
                          350 Linden Oaks, 3rd Floor
                          Rochester, New York 14625

## INTRODUCTION

Plaintiff brought this action against his former employer "to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") as well as unpaid minimum wages, overtime compensation, and spread-of-hours compensation under the New York Labor Law ("NYLL").[1] Now before the Court is Defendant's motion (Docket No. [#9]) to dismiss and for summary judgment. The motion to dismiss is denied, and the motion for summary judgment is granted as to one claim, but is otherwise denied.

---

[1] Amended Complaint (Docket No. [#5]) at ¶ 1.

BACKGROUND

On June 29, 2017, Plaintiff commenced this action. On August 25, 2017, Plaintiff filed an Amended Complaint [#5], which purports to state the following six causes of action: 1) failure to pay overtime wages, in violation of the FLSA; 2) failure to pay overtime wages in violation of the NYLL; 3) failure to pay the minimum wage, in violation of the NYLL; 4) failure to pay spread-of-hours compensation,[2] in violation of the NYLL; 5) failure to give notices and to keep records, as required by the NYLL; and 6) failure to pay agreed-upon wages, in violation of the NYLL. Plaintiff purports to bring the action on behalf of himself and "all others similarly situated," and the pleading indicates an intention to pursue a collective action under the FLSA, and a Rule 23 class action under the NYLL. The pleading demands, *inter alia*, unpaid compensation, liquidated damages, interest, attorneys' fees, costs, injunctive relief, declaratory relief, and "a reasonable incentive award" for Plaintiff in connection with the collective action/class action claims.

On October 31, 2017, in lieu of answering the Amended Complaint, Defendant filed the subject motion [#9] to dismiss and for summary judgment. Defendant contends that the fourth cause of action, alleging spread-of-hours violations under the NYLL, must be dismissed for lack of subject-matter jurisdiction. In particular as to that claim, Defendant "disputes liability," but nevertheless asserts that the claim is moot, and that no justiciable case or controversy exists, because Defendant has "unconditionally tendered" to Plaintiff

---

[2] *See*, 12 N.Y.C.R.R. § 142-2.4, "Additional rate for split shift and spread of hours," which provides that, "An employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours; or (b) there is a split shift; or (c) both situations occur."

2

all of the monetary relief that Plaintiff could obtain on that claim through this action.[3] As for the remaining five causes of action, Defendant demands summary judgment. In support of that request, Defendant has submitted payroll records purporting to show that Plaintiff was provided with all required notices and statements, and that he was correctly paid for all hours worked (with the exception of spread-of-hours pay). Alternatively, Defendant maintains that the Court should grant summary judgment as to the sole federal claim (alleging overtime violations under the FLSA) and decline to exercise supplemental jurisdiction over the remaining five state-law causes of action pursuant to 28 U.S.C. § 1367(c)(3).

On December 6, 2017, Plaintiff filed papers in response to Defendant's motion. (Docket Nos. [#9-1]-[#9-4]). Plaintiff now concedes that Defendant provided him with a wage statement as required by NYLL § 195(1), and that the portion of his fifth cause of action that claims otherwise can therefore be dismissed. In particular, Plaintiff indicates that his fifth cause of action involves violations of three separate sections of the NYLL – § 195(1), § 195(3) and § 650, and that he is consenting to dismissal of the aspect involving § 195(1).

Otherwise, though, Plaintiff opposes Defendant's motion. Plaintiff denies that the spread-of-hours claim is moot, and therefore opposes the motion to dismiss for lack of subject-matter jurisdiction. In that regard, Plaintiff contends that Defendant's tender of settlement checks was a mere settlement proposal, which he rejected by returning the checks to Defendant's attorney. Alternatively, Plaintiff asserts that the settlement proposal

---

[3]Def. Memo of Law [#9-1] at p. 1.

did not offer "complete relief" in any event, since it did not address either his demands for injunctive and declaratory relief, or the relief being sought on behalf of the proposed class.

As for Defendant's request for summary judgment, Plaintiff states that no discovery has taken place, and that the summary judgment motion is therefore premature generally. Plaintiff has also submitted an affidavit pursuant to Rule 56(d), and has identified discovery that he needs to establish a triable issue of fact concerning the accuracy of Defendant's time records. Plaintiff further contends that even on the present record, Defendant's summary judgment motion must be denied because there are triable issues of fact as to whether the wage statements submitted by Defendant are accurate with regard to the number of hours that he worked. On this point, Plaintiff, and several former co-workers, who were assigned to the same work crew as Plaintiff, have submitted affidavits indicating that such wage statements do not accurately reflect the hours that they all worked together for Defendant.

On December 29, 2017, Defendant submitted a reply brief [#13]. Defendant admits that Plaintiff has raised a triable issue of fact as to whether his payroll statements accurately reported all of the hours that he worked, though Defendant downplays the significance of that fact. *See*, Def. Reply Memo [#13] at p. 5 ("Plaintiff raises a single factual dispute with respect to [a] narrow factual issue (the alleged alteration of time records)"). In that regard, Defendant acknowledges that Plaintiff is claiming that his payroll records show less than the total number of hours that he worked. Nevertheless, Defendant claims to be entitled to partial summary judgment on the fifth cause of action insofar as it alleges a failure to provide Plaintiff with wage statements in violation of NYLL § 195(3), purportedly because

that statute entitles an employee to wage statements, but not to *accurate* wage statements. Further, with regard to the claims for minimum wages, overtime wages and agreed-upon compensation, Defendant argues that it is entitled to partial summary judgment with regard to the hours that are reported on Plaintiff's payroll records, since the statements indicate that Plaintiff received the correct and agreed-upon compensation for *those hours*. As for the spread-of-hours claim, Defendant insists that the claim is moot even though Plaintiff refused to accept the checks that Defendant tendered. In that regard, Defendant contends that the checks were not a mere "settlement offer," but were, rather, an "unconditional payment."[4] Defendant maintains that it structured the payment in such a way that Plaintiff cannot refuse it:

> Everdry took mandatory withholding from the paycheck to pay over to the appropriate government agencies, and Everdry cannot lawfully retain the tendered funds. As a matter of law, if Plaintiff refuses to cash the check, the funds are considered abandoned property belonging to Plaintiff, and Everdry must turn those funds over to the state.

Def. Reply [#13] at p. 8. As for Plaintiff's assertion that the tendered payment did not provide complete relief for his spread-of-hours claim, Defendant asserts that the argument fails insofar as Plaintiff means that he has a right to continue to seek relief on behalf of the proposed class. Further, as to Plaintiff's contention that the offer did not provide him with declaratory and injunctive relief, Defendant argues that Plaintiff is not entitled to such relief in any event, citing NYLL § 198(1-a). *See*, Reply [#13] at p. 9 ("The New York Labor Law creates the right to injunctive and declaratory relief only in certain limited circumstances.").

---

[4]Def. Reply [#13] at p. 6 ("A payment that is not conditioned on receiving anything in return is just that – a payment. It is not a settlement offer.").

On June 7, 2018, counsel for the parties appeared before the undersigned for oral argument. Preliminarily, Plaintiff's counsel reiterated that Plaintiff is not opposing the dismissal of the portion of his claim involving NYLL § 195(1). With regard to the aspect of the fifth cause of action involving NYLL § 195(3), Defendant's counsel asserted, in response to the Court's questioning, that even if an employer intentionally gives an employee a wage statement that is incorrect because it fails to include all of the hours worked, the employer nevertheless does not violate that statute, because the employer's obligation under that statute is merely to provide a statement, not necessarily an accurate statement. Plaintiff's counsel disagreed. Immediately following oral argument, the parties submitted supplemental letter briefs [#16][#17] with the Court's permission.

ANALYSIS

Motion to Dismiss

Defendant contends that this Court lacks subject-matter jurisdiction over Plaintiff's spread-of-hours claim, because that claim is moot. "A complaint must be dismissed under Rule 12(b)(1) 'when the district court lacks the statutory or constitutional power to adjudicate' the case." *McMillan v. N.Y. State Bd. of Elections*, 449 Fed.Appx. 79, 80 (2d Cir. Dec. 7, 2011) (*quoting Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). The standard to be applied on such a motion is as follows:

> In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction. But where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits. In that case, the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence

that it exists.

*Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (citations and internal quotation marks omitted).

"One factor that can deprive a court of subject-matter jurisdiction is the absence of a live controversy." *West v. DOCCS*, No. 05-CV-0447FPG, 2018 WL 514052, at *1 (W.D.N.Y. Jan. 23, 2018) (citation omitted).

> A case is moot pursuant to Article III's Case or Controversy requirement when it is impossible for a court to grant any effectual relief whatever to the prevailing party. If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot. But as long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot.

*Rubeor v. Town of Wright*, No. 113CV612LEKCFH, 2017 WL 3531527, at *7 (N.D.N.Y. Aug. 16, 2017) (citations and internal quotation marks omitted).

Defendant asserts that the NYLL spread-of-hours claim is moot, because Defendant has "unconditionally tendered" to Plaintiff all of the monetary relief that Plaintiff could obtain on that claim through this action.[5] However, Second Circuit case law does not permit a defendant to unilaterally moot a plaintiff's claim in this manner. In *Tanasi v. New Alliance Bank*, 786 F.3d 195 (2d Cir. 2015), a defendant in a proposed class action made a Rule 68 settlement offer to the individual plaintiff, who rejected the offer. The defendant moved to dismiss, arguing that even though the plaintiff had rejected the settlement offer, the action was moot, because the offer was "for an amount greater than the statutory damages to

---

[5] Def. Memo of Law [#9-1] at p. 1.

which [the plaintiff] would have been entitled if successful." *Id*., 786 F.3d at 196. The district court agreed that the plaintiff's claim was moot and dismissed the action, but on appeal the Second Circuit held that the district court "maintained Article III subject-matter jurisdiction over the case," because "an unaccepted Rule 68 offer alone does not render a plaintiff's individual claims moot before the entry of judgment against the defendants." *Id*. at 197. On this point, the Circuit Court further stated:

> [I]t remains the established law of this Circuit that a rejected settlement offer under Rule 68, by itself, cannot render moot a case. If the parties agree that a judgment should be entered against the defendant, then the district court should enter such a judgment. Then, *after* judgment is entered, the plaintiff's individual claims will become moot for purposes of Article III. Absent such agreement, however, the district court should not enter judgment against the defendant if it does not provide complete relief.
> 
> ***
> 
> [B]ecause the district court had not yet entered judgment against the defendant when it reached its decision on the motion to dismiss, the court maintained Article III subject matter jurisdiction[.]

*Id*. at 200-201 (emphasis in original; citations and internal quotation marks omitted). Further, in a footnote the Circuit Panel rejected the notion that it had ever been the law of this Circuit that "the mere offer of complete relief" could moot a claim:

> Though some have held that our decision in *Doyle v. Midland Credit Management, Inc.*, 722 F.3d 78 (2d Cir.2013) (per curiam), compels a contradictory result, we respectfully disagree with this conclusion. *Doyle* never purported to hold that the mere offer of complete relief to an individual moots his claim regardless of whether this offer is accepted. *Doyle* expressly held that "an offer need not comply with Federal Rule of Civil Procedure 68 in order to render a case moot under Article III." 722 F.3d at 81. Insofar as it also concluded that "Doyle's refusal to settle the case in return for Midland's offer ..., notwithstanding Doyle's acknowledgement that he could win no more, was sufficient ground to dismiss this case for lack of subject matter

8

> jurisdiction," *id.*, it could have done so only as a result of the parties' failure to contest the issue at trial or on appeal.

*Id*. at 200, n. 6.

Subsequently, in *Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663, 666 (2016) ("*Campbell-Ewald*"), the U.S. Supreme Court held, "in accord with Rule 68 of the Federal Rules of Civil Procedure, that an unaccepted settlement offer has no force," and therefore cannot render a plaintiff's claim moot. In *Campbell-Ewald*, the defendant in a proposed class action made a settlement offer under Rule 68 that would have provided the individual plaintiff with statutory damages, costs and injunctive relief. After the plaintiff rejected the offer, the defendant moved to dismiss the action, pursuant to Fed. R. Civ. P. 12(b)(1), alleging that no case or controversy remained, because the settlement offer would provide "complete relief" to the plaintiff. *Id*., 136 S.Ct. at 668 ("No Article III case or controversy remained, [the defendant] urged, because its offer mooted [the plaintiff's] claim by providing him with complete relief."). The Supreme Court, in resolving a circuit split on the issue, sided with the view taken by the Second Circuit in *Tanasi*, and held that the defendant's rejected settlement offer did not moot the plaintiff's claim. The Supreme Court found that the defendant's rejected settlement offer (which had neither addressed the class claims nor admitted the defendant's liability) had been "only a proposal." *Id.* at 670. However, the Supreme Court left open the question of whether a defendant could moot the plaintiff's claim where the full amount of the claim is paid into the court and a judgment is entered in the plaintiff's favor. *Id*. at 672 ("We need not, and do not, now decide whether the result would be different if a defendant deposits the full amount of the plaintiff's

individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount.").

Shortly after *Campbell-Ewald* was decided, a decision from the Southern District of New York, *Leyse v. Lifetime Ent. Servs., LLC*, 171 F.Supp.3d 153 (S.D.N.Y. 2016), reiterated that a defendant's settlement offer, if not accepted, cannot moot a claim and deprive a court of subject-matter jurisdiction, even where the defendant tendered complete relief. However, the district court observed that pursuant to *Tanasi* and *Campbell-Ewald*, even if the plaintiff rejects such a settlement offer, a court may nevertheless enter judgment, at the defendant's request, in favor of the plaintiff, thereby essentially mooting the claim:

> I do not read *Campbell–Ewald* to disrupt the Second Circuit's precedent allowing for the entry of judgment for the plaintiff over plaintiff's objections. *Campbell–Ewald* precludes a dismissal in favor of the defendant because of unaccepted, offered relief that obliges the defendant to pay nothing, where such offered relief is only a proposal with no continuing efficacy. <u>Second Circuit precedent already comported with this principal, and made judgment and full relief in favor of the plaintiff necessary precursors to the dismissal of an action in the event of an unaccepted settlement offer.</u>
>
> But once the defendant has furnished full relief, there is no basis for the plaintiff to object to the entry of judgment in its favor. A plaintiff has no entitlement to an admission of liability, as a party can always incur a default judgment and liability without any factual findings. If the defendant has thus thrown in the towel there is nothing left for the district court to do except enter judgment. The absence of a controversy in the constitutional sense precludes the court from issuing an opinion on whether the defendant actually violated the law. As here, a defendant's deposit of a full settlement with the court, and consent to entry of judgment against it, will eliminate the live controversy before a court.

*Leyse v. Lifetime Entm't Servs., LLC*, 171 F. Supp. 3d at 155–56 (emphasis added, citations and internal quotation marks omitted), *aff'd*, 679 F. App'x 44 (2d Cir. 2017), *cert. denied*, 138 S. Ct. 637, 199 L. Ed. 2d 526 (2018).

Significantly, the Second Circuit has clarified that it is the judgment, and not the defendant's tender of complete relief, which moots the plaintiff's claim:

> If the offer tenders complete relief, the court should (absent additional procedural complications) enter judgment pursuant to the terms of that offer, with or without the plaintiff's consent. A defendant offering judgment for complete relief is, in essence, submitting to the entry of default judgment. Just as a defendant may end the litigation by allowing default judgment, a defendant may always end the litigation by offering judgment for all the relief that is sought.
>
> We have described an offer of judgment for complete relief as "mooting" the case. However, the offer by itself does not moot anything, since an offer cannot bind the defendant to provide relief. It is the entry of judgment pursuant to that offer that "moots" the case. Mootness, in the constitutional sense, would require dismissal for lack of subject matter jurisdiction. An unaccepted offer of judgment, however, does not impair subject matter jurisdiction: the court retains jurisdiction to either enter judgment in favor of the plaintiff (if the offer tenders complete relief) or allow the case to proceed (if the offer does not).

*Hepler v. Abercrombie & Fitch Co.*, 607 F. App'x 91, 92 (2d Cir. 2015).[6]

In sum, the law in this circuit is that a defendant's tender of complete relief to a plaintiff, by itself, does not moot a plaintiff's individual claim and deprive the court of subject

---

[6] The Court does not view *Radha Geismann, M.D., P.C. v. ZocDoc, Inc.*, 850 F.3d 507 (2d Cir. 2017), to be to contrary to *Tanasi*. In *Radha Geismann*, the Circuit Panel held that the district court had improperly entered judgment for the defendant. However, the defendant had not followed the procedure described in *Tanasi* or *Hepler*, involving the defendant paying full relief into the court and then requesting that judgment be entered against itself. *See, Id*. at 514-515 (Finding that the district court improperly granted judgment based only upon the defendant's unaccepted offer of settlement, and defendant did not pay the settlement amount into the court until more than a year later.)

matter jurisdiction if the plaintiff rejects the tender; however, even where a plaintiff rejects a defendant's tender of complete relief, if the defendant obtains leave to pay the complete relief into court, and then, at the defendant's request, judgment is entered in the plaintiff's favor, the claim becomes moot. [7]

In the instant case, Defendant did not follow the procedure outlined in *Tanasi* and *Hepler*. That is, after Plaintiff rejected Defendant's tender of payment, Defendant did not request leave to pay Plaintiff's complete monetary relief into Court, and did not request entry of default judgment in Plaintiff's favor on the spread-of-hours claim. Rather, Defendant merely requested this Court to dismiss that claim, based upon its unaccepted tender of complete relief. The request must therefore be denied.

Furthermore, Plaintiff contends that Defendant's tender did not offer complete relief, since, for example, it only offered money, while he is also seeking injunctive and declaratory relief. Defendant's reply contends that such argument lacks merit, since such relief is not available for spread-of-hours violations. Because Defendant raised this argument for the first time in its reply brief, Plaintiff did not have an opportunity to respond in writing. Nevertheless, even without the benefit of Plaintiff's input, the Court is not convinced, at this early stage, that Defendant is correct to assert that injunctive and declaratory relief is unavailable for NYLL spread-of-hours claims. For example, the Court is aware that at least one court has granted declaratory relief specifically for such a claim.

---

[7] The foregoing legal principles may be less clear in cases involving proposed class actions. *See, e.g., Bais Yaakov of Spring Valley v. Educational Testing Serv.*, 251 F.Supp.3d 724, 739 (2017) (Referring to a lack of clarity on this point, and stating: "The more difficult question is whether the ordinary mechanisms of tendering complete relief and requesting entry of judgment are available to moot a class action claim.").

*See, Campos v. Lemay*, No. 05 Civ.2089(LTS)(FM), 2007 WL 1344344 at *1, *4, *8 (S.D.N.Y. May 7, 2007) (Granting motion for partial summary judgment seeking declaratory judgment as to NYLL spread-of-hours claim). The Court is also aware of a case in which a court certified a class that was seeking, *inter alia*, injunctive relief for NYLL spread-of-hours violations. *See, Andryeyeva v. New York Health Care, Inc.*, 45 Misc.3d 820, 837, 994 N.Y.S.2d 278, 292 (Supreme Court, Kings County 2014) ("Plaintiffs' motion for class certification is granted and the class is certified as follows: Home attendants who worked 24–hour shifts for defendants New York Health Care, New York Home Attendant Agency, and Murray Englard and were not paid minimum, overtime, and spread of hours wages between June 22, 2008 and the date defendants cease, or are enjoined from not paying those individuals the minimum, overtime, and spread of hours wages required by New York Labor Law and regulations."); *see also, Reyes v. Buddha-Bar NYC*, No. 08 CIV. 02494(DF), 2009 WL 5841177, at *1 (S.D.N.Y. May 28, 2009) (Approving settlement of a class action involving FLSA and NYLL claims, which included an injunction that "Defendants will comply with the law with respect to spread-of-hours pay."). Accordingly, even if Defendant had otherwise followed the procedure set forth in *Tanasi* and *Hepler*, it is not clear that Defendant tendered to Plaintiff all of the relief that Plaintiff could obtain in connection with the spread-of-hours claim.

Defendant cites a long string of cases that purportedly support its motion.[8] However, these cases are factually inapposite or otherwise unpersuasive. For example, in *Bliss v. Rochester City Sch. Dist.*, 196 F.Supp.2d 314, 336 (W.D.N.Y. 2002), the court

---

[8] *See*, Def. Memo of Law [#9-1] at pp. 8-9, 11-12; Def. Reply Memo [#13] at pp. 7-10.

observed that one of the plaintiff's claims was moot because she apparently *accepted* full payment from the defendant. Similarly, in *Sesay v. IRS*, 2011 U.S. Dist. LEXIS 38948 (S.D.N.Y. Feb. 2, 2011), unlike in this case, there is no indication that the plaintiff rejected the settlement payment, and the plaintiff did not oppose the motion to dismiss on grounds of mootness. Further, while the Court in *McNerney v. A.M.T. Grp., Inc.*, 2016 WL 5107117 (N.D.N.Y. Sep. 20, 2016) indicated that it was "inclined" to find, based upon a district court decision from Illinois, that "where an FLSA plaintiff is tendered full relief in the form of a check, he cannot avoid mootness by refusing to cash that check," the court ultimately decided that it "need not decide that issue," *id*. at *5, and based upon the case authority discussed above this Court would not be similarly inclined in any event.

For all of these reasons, Defendant's motion to dismiss the spread-of-hours claim pursuant to Rule 12(b)(1) is denied.

Summary Judgment

Defendant has moved for summary judgment pursuant to Fed. R. Civ. P. 56. Summary judgment may not be granted unless "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). "[T]he movant must make a prima facie showing that the standard for obtaining summary judgment has been satisfied." 11 Moore's Federal Practice, § 56.11[1][a] (Matthew Bender 3d ed.). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this

burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir.1996) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)), *cert denied*, 517 U.S. 1190 (1996).

The burden then shifts to the non-moving party to demonstrate "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To do this, the non-moving party must present evidence sufficient to support a jury verdict in its favor. *Anderson*, 477 U.S. at 249. The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993).

Where no discovery has been conducted, a court should not grant summary judgment, provided that the party against whom judgment is sought demonstrates that it needs discovery to oppose the motion:

> A party resisting summary judgment on the ground that it needs discovery in order to defeat the motion must submit an affidavit showing (1) what facts are sought to resist the motion and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts.
>
> ***
>
> Summary judgment should only be granted if after discovery, the nonmoving party has failed to make a sufficient showing on an essential element of its

15

case with respect to which it has the burden of proof. Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery.

*Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303–04 (2d Cir. 2003) (citations and internal quotation marks omitted); *but see, US Bank Nat. Ass'n Orix Capital Markets, LLC v. NNN Realty Advisors, Inc.*, 614 F. App'x 548, 551 (2d Cir. 2015) (affirming district court's decision to award summary judgment to plaintiff without permitting discovery, where defendant did not submit a Rule 56(d) affidavit).

Here, Plaintiff has raised a triable issue of fact as to the accuracy of the payroll records submitted in support of Defendant's motion, and has also made properly-supported request for discovery under Rule 56(d). Defendant's summary judgment motion must therefore be denied.

Defendant nevertheless contends that it is entitled to at least partial summary judgment on that aspect of Plaintiff's action alleging a violation of NYLL § 195(3), since it is undisputed that Defendant provided payroll statements to Plaintiff, even if those statements were inaccurate. In particular, Defendants asserts that the NYLL ( § 198(1-d)) "limits the cause of action to the situation where the employee did not receive the wage statement," and not to situations where an employee receives a statement "but the employee believes he worked additional hours."[9]

As support for this argument, Defendant cites to the text of NYLL § 198, entitled "Costs, remedies," sub-section (1-d), which states, in pertinent part, as follows:

---

[9]Def. Reply [#13] at p. 2.

> If any employee is *not provided a statement or statements as required by subdivision three of section one hundred ninety-five of this article*, he or she shall recover in a civil action damages of two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees. The court may also award other relief, including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate.

NYLL § 198(1-d) (Westlaw). In turn, NYLL § 195(3) states:

> Every employer shall . . . furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; *the number of regular hours worked, and the number of overtime hours worked.* For all employees paid a piece rate, the statement shall include the applicable piece rate or rates of pay and number of pieces completed at each piece rate. Upon the request of an employee, an employer shall furnish an explanation in writing of how such wages were computed;

NYLL § 195(3) (Westlaw) (emphasis added).

Defendant asserts that an employer's duty under NYLL § 195(3) is merely to provide a statement, not an accurate statement. On this point, Defendant notes, for example, that NYLL § 195(4)[10] expressly requires employers to keep "true and accurate payroll records," while § 195(3) only requires employers to "furnish . . . a statement," without specifying that

---

[10]Defendant mistakenly cited NYLL § 198(4). *See*, Def. Reply Memo [#13] at p. 2.

17

such statement must be true and accurate. However, the Court is not persuaded by Defendant's argument on this point. Essentially, Defendant argues that the italicized and underlined words in § 195(3) above mean something other than what they ordinarily mean. The Court, though, interprets them in their ordinary sense to mean that the employer must provide the employee with an accurate statement of "the number of regular hours worked, and the number of overtime hours worked." *See, Copper v. Cavalry Staffing, LLC*, 132 F. Supp. 3d 460, 468 (E.D.N.Y. 2015) (Rejecting essentially the same argument being made by Defendant in this action, and stating, "Plaintiffs have . . . adequately pled a § 195(3) violation by alleging that defendants 'maintained inaccurate time records' and paid them 'according to these inaccurate time records, and not the hours ... actually worked.'").

There is a triable issue of fact as to whether Defendant provided Plaintiff with an accurate statement of the number of hours that he worked. Consequently, Defendant's request for partial summary judgment as to the claim under NYLL § 195(3) must be denied.

## CONCLUSION

Defendant's motion [#9] is granted in part and denied in part. Defendant is granted summary judgment only as to the portion of Amended Complaint that alleges a violation of NYLL § 195(1).[11] Otherwise, the application is denied.

SO ORDERED.

Dated: Rochester, New York  
      June 18, 2018

ENTER:

/s/ Charles J. Siragusa  
CHARLES J. SIRAGUSA  
United States District Judge

---

[11]*See*, Amended Complaint at ¶ ¶ 84, 86.